J-S71010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERTO LOPEZ | |
| Appellant | No. 3745 EDA 2015 |

Appeal from the Judgment of Sentence November 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009276-2014

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 18, 2017**

Roberto Lopez appeals from his judgment of sentence of nine to twenty-three months incarceration followed by four years probation imposed for his convictions for possession with intent to deliver ("PWID"), conspiracy to commit PWID, possession of drug paraphernalia, and possession of a controlled substance.  We affirm.

The trial court set forth the pertinent facts as follows:

On June 3, 2014, at about 2:30 p.m., Officer Nicholas Cessna set up a "buy bust" narcotics operation with a confidential informant ("CI") in the area of 3900 Castor Avenue. Since the CI did not speak English, he dealt directly with Agent Chaves. . . . a price was negotiated for $90 a bundle for 50 bundles of heroin.  Prior to meeting with their CI, other officers and agents assigned to the squad conducted a surveillance of the location.  The other officers notified them that there were two males, later identified as Angel Caneles and Omar Rodriguez, using a cellular telephone outside of the Rite Aid on

---

* Former Justice specially assigned to the Superior Court.

the corner of 3900 Castor Avenue.  Mr. Caneles informed the CI that "the drugs were close by."  At that time, with Officer Cessna parked across the street, Mr. Caneles and Mr. Rodriguez walked over to a burgundy Kia minivan operated by [Appellant].

Officer Cessna observed Mr. Caneles "walking briskly with his arms swinging" towards [Appellant's] minivan.  Officer Cessna followed them in his vehicle and witnessed Mr. Caneles and Mr. Rodriguez enter the minivan.  The minivan circled around the block at which point Mr. Caneles and Mr. Rodriguez exited.  After Mr. Caneles exited [Appellant's] minivan, Officer Cessna witnessed him walk toward the CI's vehicle "kind of like – like checking his side a bit."  Mr. Caneles entered the CI's vehicle, at which time, the CI gave Agent Chaves the signal that the narcotics were on location.

Trial Court Opinion, 2/11/16, at 2 (internal citations omitted).  Officers apprehended Mr. Caneles, Mr. Rodriguez, and Appellant.  A search of the CI's vehicle recovered 902 packets of heroin contained within a black plastic bag.

Based on the foregoing, Appellant was charged with PWID, conspiracy to commit PWID, possession of drug paraphernalia, and possession of a controlled substance.[1]  Following a non-jury trial, Appellant was found guilty of all charges.  At a subsequent hearing, the court sentenced Appellant to nine to twenty-three months incarceration followed by four years probation.  Appellant did not file a post-sentence motion, but rather, filed a timely notice of appeal.  The court ordered Appellant to file a Rule 1925(b) concise

---

[1] Appellant was also charged with dealing in the proceeds of unlawful activity and criminal use of a communication facility.  Those charges were dismissed by the lower court.

statement of matters complained of on appeal, to which he complied, and authored its own Rule 1925(a) opinion.  This matter is now ready for our consideration.

Appellant raises a single contention for our review:  "Were the verdicts against the weight of the evidence and shock the conscience?"  Appellant's brief at 2 (capitalization omitted).

In order to preserve a challenge to the weight of the evidence, "a defendant must present his challenge to the weight of the evidence to the trial court for a review in the first instance."  **Commonwealth v. Stiles**, 143 A.3d 968, 980 (Pa.Super. 2016).  A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing.  **Commonwealth v. Ford**, 141 A.3d 547, 556 (Pa.Super. 2016); Pa.R.Crim.P. 607.  The failure to properly preserve a weight of the evidence claim will result in waiver, even if the trial court addresses the issue in its opinion.  **Commonwealth v. Thompson**, 93 A.3d 478, 490-491 (Pa.Super. 2014).  Appellant failed to preserve his weight issue as he did not file a post-sentence motion raising the allegation nor did he make an oral or written motion before sentencing.  Therefore, the claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2017